Case 2:08-cv-05838-WJM-MF   Document 22   Filed 06/01/09   Page 1 of

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 15, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: VICTORIA'S SECRET
UNDERGARMENTS/INTIMATE APPAREL
PRODUCTS LIABILITY LITIGATION          MDL No. 2061

ORDER DENYING TRANSFER

**Before the entire Panel**: Plaintiff in the Middle District of Louisiana action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation. Movant and responding plaintiffs support centralization in the Southern District of Ohio. Defendants[1] oppose centralization or, alternatively, support centralization in the Southern District of Ohio.

This litigation currently consists of four actions listed on Schedule A and pending in four districts, one action each in the Southern District of Florida, the Middle District of Louisiana, the District of New Jersey, and the Eastern District of New York.[2]

On the basis of the papers filed and hearing session held, we find that Section 1407 centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. While each action alleges that Victoria's Secret undergarments are defective, it appears that this common allegation may be overshadowed by factual issues unique to each action. Victoria's Secret sells a vast array of brands, styles, and colors of undergarments, and they are manufactured by various factories with components from various suppliers. Therefore, it is likely that discovery will vary among the actions. To the extent there might be any duplicative discovery and/or inconsistent pretrial rulings, alternatives to transfer exist that can minimize such possibilities. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these four actions is denied.

---

[1] Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc., and Limited Brands, Inc. (collectively Victoria's Secret).

[2] The Panel has been notified that six additional related actions have been filed, four actions in the Southern District of Ohio and two actions in the Middle District of Florida.

-2-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

IN RE: VICTORIA'S SECRET
UNDERGARMENTS/INTIMATE APPAREL
PRODUCTS LIABILITY LITIGATION                               MDL No. 2061

## SCHEDULE A

<u>Southern District of Florida</u>

Jerilyn G. Amaya v. Victoria's Secret Stores, LLC, et al., C.A. No. 9:08-81367

<u>Middle District of Louisiana</u>

Helen Anderson v. Victoria's Secret Stores, LLC, et al., C.A. No. 3:09-127

<u>District of New Jersey</u>

Linda Bryk v. Victoria's Secret Stores, LLC, et al., C.A. No. 2:08-5838

<u>Eastern District of New York</u>

Kimberly Moses v. Victoria's Secret Stores, LLC, et al., C.A. No. 1:08-4688